IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01238–CMA–KMT

CHERIE RADEKER,

    Plaintiff,

v.

ELBERT COUNTY BOARD OF COMMISSIONERS, County of Elbert, Colorado,
KURT SCHLEGEL, Elbert County Commissioner, Officially and Individually,
ROBERT ROWLAND, Elbert County Commissioner, Officially and Individually, and
LARRY ROSS, Elbert County Commissioner, Officially and Individually,

    Defendants.

## ORDER

This matter is before the court on Defendants' "Motion to Permit Limited Subject-Matter Waiver of the Attorney/Client Privilege" ("Mot.") [Doc. No. 46]. "Plaintiff's Response in Opposition to Defendant's Motion to Permit Limited Subject Matter Waiver of the Attorney Client Privilege" [Doc. No. 64] was filed on June 26, 2015 and "Defendants' Reply in Support of Motion to Permit Limited Subject Matter Waiver of the Attorney/Client Privilege" ("Reply") [Doc. No. 65] was filed on July 3, 2015.

Defendants seek leave of court to allow testimony and information from its former City Attorney, Alex Beltz, regarding, "Mrs. Radeker's employment with the County, all events surrounding Mrs. Radeker's Family and Medical Leave, all events surrounding Mrs. Radeker's alleged disability, all events surrounding the elimination of Mrs. Radeker's position with the

County, and any other issues relevant to the claims made in this lawsuit," all of which are subject to the attorney-client privilege and have up to this time been withheld from production. (Mot., Ex. A, [Doc. No. 46-1] at 1.) The Defendants seek court pre-approval of a limited waiver of the attorney-client privilege only for the proceedings herein and for "no other purpose of proceeding." (Mot. at 6.)

The purpose of the attorney-client privilege is to encourage "full and frank communication between attorneys and their clients," *Upjohn Co. v. United States*, 449 U.S. 383 (1981), and its use is limited to that purpose. *In re Qwest Communications Int'l Inc.,* 450 F.3d 1179, 1185 (10th Cir. 2006). Use of the attorney-client privilege to gain a tactical advantage in litigation is prohibited.

> The attorney-client privilege cannot be used as both a sword and a shield. [A party] cannot on the one hand claim as a defense that he relied on the advice of his counsel…while at the same time invoking the attorney-client privilege to prevent the plaintiffs from exploring fully the substance and circumstances of that advice…. A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.

*Sedillos v. Bd. of Educ. of Sch. Dist. No. 1 in City & Cnty. of Denver*, 313 F. Supp. 2d 1091, 1093-94 (D. Colo. 2004). It is to disclose testimony for a self-serving purpose which is at the heart of the Defendants' request in this case.

Mr. Beltz, as the attorney advising the Board on all issues concerning the Plaintiff's medical leave, the ramifications of taking that leave and the ultimate elimination of her job, of course could be expected to have highly relevant information – as would any attorney advising his client on the legality of ongoing personnel matters as they transpired. However, there appears to be no factual information about which Mr. Beltz alone would have knowledge. In

fact, Defendants apparently seek to have Mr. Beltz testify as some sort of "tie-breaker" between Plaintiff's and Defendant Schlegel's version of events. (Reply at 5-6.)

The attorney-client privilege must be applied to "prevent litigants from selectively asserting the privilege as a tactical tool for their own benefit." *See In re M & L Business Machine,* 161 B.R. 689, 695 (D. Colo. 1993). The overwhelming majority of Circuits have rejected the concept of selective waiver under various circumstances. *See In re Qwest Communications Int'l Inc.*, 450 F.3d at 1187-1190 (collecting cases).

In addition to these broad reservations about allowing a waiver of attorney-client privilege, Plaintiff also argues that in this case the waiver comes too late in the case to be allowed. This court finds no bad faith in the timing of the motion given that the topic of waiver with respect to the information possessed by Mr. Beltz was discussed between the parties in December 2014. Nonetheless, contemplation of a potential waiver of the privilege is not the same as active pursuit. Discovery in this case is now closed. Certainly the time to have presented the motion to the court was long ago when discovery was ongoing and there was time to follow up on any leads or other evidence forthcoming as a result of the privilege waiver.

The Supreme Court has required caution in the arena of testimonial privileges: "these exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon,* 418 U.S. 683, 710, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Because exceptions to the waiver rules necessarily broaden the reach of the privilege or protection, selective waiver must be viewed with caution. If the suggested exception advances the purpose of the privilege or protection, that exception should be viewed more favorably. *In re Qwest Communication Int'l Inc.,* 450 F.3d at

1195. When disclosure is necessary to accomplish the consultation or assist with the representation, as in the case of an interpreter, translator, or secretary, an exception to waiver actually preserves the privilege. *See United States v. Mass. Inst. of Tech.,* 129 F.3d 681, 684 (1st Cir.1997)*; Westinghouse Elec. Corp. v. Republic of the Phil.,* 951 F.2d 1414, 1424 (3d Cir.1991). Similarly, when the disclosure is to a party with a common interest, the "joint defense" or "common interest" doctrine provides an exception to waiver because disclosure advances the representation of the party and the attorney's preparation of the case. *See Westinghouse Elec. Corp., id. See also Grand Jury Proceedings v. United States,* 156 F.3d 1038, 1042-43 (10th Cir. 1998) (stating that establishing joint-defense privilege requires showing "(1) the documents were made in the course of a joint-defense effort; and (2) the documents were designed to further that effort").

The record in this case does not indicate that the proposed exception would promote the purposes of the attorney-client privilege.

It is clear that Defendants see a tactical advantage in having Mr. Beltz available to bolster their case. At this stage, having asserted the privilege up until the time of filing this motion during the last month of discovery, it would be unfair and highly prejudicial to now allow the Defendant to withdraw its privilege assertion and selectively waive the attorney client privilege.

It is therefore **ORDERED**

1. "Motion to Permit Limited Subject-Matter Waiver of the Attorney/Client Privilege" [Doc. No. 46] is **DENIED**; and

2. The hearing scheduled on August 21, 2015 at 9:30 a.m. is **VACATED**.

Dated this 20th day of August, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge