IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01238–CMA–KMT

CHERIE RADEKER,

      Plaintiff,

v.

ELBERT COUNTY BOARD OF COMMISSIONERS, County of Elbert, Colorado,
KURT SCHLEGEL, Elbert County Commissioner, Officially and Individually,
ROBERT ROWLAND, Elbert County Commissioner, Officially and Individually, and
LARRY ROSS, Elbert County Commissioner, Officially and Individually,

      Defendants.

## ORDER

      This matter is before the court on "Defendants' Motion for Clarification or, in the Alternative, Objection to the Magistrate Judge's August 20, 2015 Order" [Doc. No. 83]. Plaintiffs filed a response on October 1, 2015 [Doc. No. 101] and Defendants filed a reply on October 8, 2015 [Doc. No. 102].

      The motion which was the impetus for the complained of Order is Defendants' "Motion to Permit Limited Subject-Matter Waiver of the Attorney/Client Privilege" ("Waiver Motion") [Doc. No. 46]. In the Waiver Motion, Defendants state

> . . . Mr. Beltz was the County's attorney during the relevant time periods related to this case.
> Mr. Beltz is in the position of having relevant information related to the claims made in this case, **but is unable to testify and the County is unable to produce relevant documentation due to the attorney/client privilege**.

*Id*. at 2 (emphasis added).  The Defendants never discussed, analyzed nor addressed non-privileged information which might have been in Mr. Belz's possession or control.  The Defendants stated they objected "to the waiver of the attorney-client privilege as it pertains to unrelated matters upon which Mr. Beltz rendered legal services during his tenure as County Attorney."  *Id.* at 4.  Additionally, Defendants represented, "[T]he County has made every effort to preserve the sanctity of its attorney/client privilege, while at the same time providing an avenue by which **additional** discovery relevant to this case may be obtained."  *Id*. at 5 (emphasis added).  Ultimately, the relief sought by the Defendants from the court was 1) "a limited waiver of the attorney-client privilege as detailed in Exhibit A, and for no other purpose or proceeding"; and 2) an "F.R.E. 502(d), order[] that disclosure in this case does not constitute a waiver of privilege in any other federal or state proceeding."  *Id*. at 6.

The court denied the requests for relief in the motion, finding that Defendants were attempting to engage in improper selective waiver of the attorney-client privilege.  (Order, August 20, 2015.)  The court, in that Order, issued no findings or rulings with respect to non-privileged information whatsoever.

The court perceives of no ambiguity in its Order that is in need of clarification and the court declines to address issues that were not raised in the Waiver Motion.

IT IS **ORDERED**

"Defendants' Motion for Clarification or, in the Alternative, Objection to the Magistrate Judge's August 20, 2015 Order" [Doc. No. 83] is **DENIED.**

DATED this 4th day of March, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge