**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-01238-CMA-KMT

CHERIE RADEKER,

      Plaintiff,

v.

ELBERT COUNTY BOARD OF COMMISSIONERS,
KURT SCHLEGEL, in his official and individual capacities,
ROBERT ROWLAND, in his official and individual capacities, and
LARRY ROSS, in his official and individual capacities,

      Defendants.

_____

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR
RECONSIDERATION (DOC. # 108)**

_____

Currently before the Court is the Motion for Reconsideration of the Court's

Summary Judgment Order on Qualified Immunity filed by Defendants Kurt Schlegel,

Robert Rowland, and Larry Ross.  (Doc. # 108.)  Plaintiff Cherie Radeker opposes

Defendants' motion.  (Doc. # 116.)  For the foregoing reasons, the Court grants in part

and denies in part Defendants' motion for reconsideration.

## I.  BACKGROUND

Plaintiff, a former employee of Elbert County, Colorado claims that her

employment was improperly terminated while she was on authorized medical leave.  In

her Second Amended Complaint ("SAC"), filed on May 19, 2015, Plaintiff alleges that

Defendants violated her constitutionally-protected right to due process (claim one), the

Americans with Disabilities Act and the Rehabilitation Act (claim two), and the Family

and Medical Leave Act ("FMLA") (claim three).  (Doc. # 45.)  Plaintiff also alleges

breach of contract (claim four) and promissory estoppel (claim five).  (Doc. # 45.)

On July 31, 2015, Defendants moved for summary judgment.  (Doc. # 73.)  One

of the arguments advanced by Defendants Schlegel, Rowland, and Ross was that they

are entitled to qualified immunity with regard to Plaintiff's due process and FMLA claims.

(Doc. # 73 at 35-39.)  Plaintiff opposed Defendants' motion.  (Doc. # 85.)

On December 3, 2015, the Court entered an order denying Defendants' summary

judgment motion because the Court found that "genuine issues of material fact

preclude[d] the Court from granting the summary judgment motion."  (Doc. # 107.)  The

Court's order did not explicitly address Defendants' qualified immunity argument.  On

December 24, 2015, Defendants moved for reconsideration, arguing that "the Court

should set forth its determination" as to whether or not Defendants are entitled to

qualified immunity on Plaintiff's due process and FMLA claims.  (Doc. # 108 at 2.)

## II. DISCUSSION

### A.  Defendants' Motion for Reconsideration

Although the Federal Rules of Civil Procedure do not formally recognize motions

for reconsideration, a party may file a motion seeking relief from an order or judgment

pursuant to Rule 59(e) or Rule 60.  *See, e.g.*, *Van Skiver v. United States*, 952 F.2d

1241, 1243 (10th Cir. 1991).  Rule 60(a) provides that "[t]he court may correct . . . a

mistake arising from oversight or omission whenever one is found in a[n] . . . order."

Fed. R. Civ. P. 60(a).  The permissible grounds for such relief include "mistake,"

"inadvertence," or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (6).

"The district court has substantial discretion in connection with a Rule 60(b) motion."

*Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

2

Defendants argue that whether they are entitled to qualified immunity is a legal determination and that the Court should provide a specific finding with regard to this question.  (Doc. # 108 at 4.)  In opposition, Plaintiff argues that Defendants' motion is "improper because it relies on contested factual arguments that the [C]ourt already rejected in denying summary judgment."  (Doc. # 116 at 1.)

In *Cox v. Glanz*, 800 F.3d 1231, 1240 (10th Cir. 2015), the Tenth Circuit reviewed a district court order denying the defendant's motion for summary judgment because genuine disputes as to material facts rendered summary judgment inappropriate.  The defendant had asserted that he was entitled to qualified immunity, but the district court did not expressly address this argument in its order denying the defendant's motion.  *Id*. at 1241.  On appeal, the Tenth Circuit found that "[t]he [district] court's analysis was *not* consonant with our settled mode of qualified-immunity decisionmaking."  *Id*. at 1243 (emphasis in original).  The Tenth Circuit made clear that, when faced with a qualified immunity defense at the summary judgment phase, the district court's "'principal purpose is to determine whether plaintiff's factual allegations are sufficiently grounded in the record such that they may permissibly comprise the universe of facts that will serve as the foundation for answering the *legal* question before the court.'"  *Id*. (emphasis in original) (quoting *Thomson v. Salt Lake City*, 584 F.3d 1304, 1326 (10th Cir. 2009)).  This is distinct from the more familiar analytic framework of whether a plaintiff survives summary judgment because the plaintiff's evidence raises material issues that warrant resolution by a jury.  *Id*.  In light of *Cox*, the Court finds that it must reconsider its prior order and provide a more in-depth analysis of Defendants' qualified immunity argument.

### B.  Qualified Immunity

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

When a defendant raises qualified immunity as a defense, "a plaintiff must properly allege a deprivation of a constitutional right and must further show that the constitutional right was clearly established at the time of the violation." *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012).  The Court is not required to address these inquiries in any specific order, *Pearson*, 555 U.S. at 236-37, and if a plaintiff fails to carry either part of his or her two-part burden, the defendant is entitled to qualified immunity, *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).

### 1.  FMLA Claim

In their summary judgment motion, Defendants Rowland, Schlegel, and Ross argue that they are entitled to qualified immunity on Plaintiff's FMLA and due process claims.  (Doc. # 73 at 35-39.)  With regard to Plaintiff's FMLA claim, Defendants argue that Plaintiff cannot show that Defendants violated her FMLA rights because Defendants were "unable to locate any Supreme Court or Tenth Circuit cases indicating that Defendants have individual liability under the FMLA."  (Doc. # 73 at 38.)

In her response to Defendants' summary judgment motion, Plaintiff argues that Defendants are not entitled to qualified immunity.  Plaintiff cites the Tenth Circuit's opinion in *Gray v. Baker*, 399 F.3d 1241, 1245 (10th Cir. 2005), for her assertion that, "[i]n the FMLA context, a public employee cannot assert a qualified immunity defense on the basis that, as individuals, they are not employers under the statute."  (Doc. # 85 at 40.)  Plaintiff argues that *Gray* "flatly rejected" the argument that individual public officials cannot be held liable for violations of the FLSA.  (Doc. # 85 at 41.)

After careful review of the record, the parties' briefs, and the relevant case law, the Court agrees with Plaintiff that Defendants' position regarding their individual liability on Plaintiff's FMLA claim is improperly framed as an argument regarding qualified immunity.  In support of this finding, the Court relies on the Tenth Circuit's opinion in *Gray*.

In *Gray*, a public employee who was terminated filed suit alleging violations of due process and the FMLA.  The individual defendants moved for summary judgment arguing (1) that they "were not 'employers' under the FMLA and, as public agency supervisors, could not be sued individually under the FMLA"; and (2) that they "were entitled to qualified immunity with regard to [the plaintiff's] FMLA and § 1983 claims."  *Id*. at 1244.  The district court determined that the defendants were "public agency employees" and, thus, could be sued in their individual capacities under the FMLA.  *Id*. at 1244.  The district court also concluded that the defendants were not entitled to qualified immunity on the plaintiff's due process claim because, "given the conflicting evidence, it was unclear whether they had acted reasonably."  *Id*.

On appeal, the defendants argued that "the district court erred in determining (1) they could be sued in their individual capacities for FMLA violations, and (2) they were not entitled to qualified immunity on [the plaintiff's] § 1983 due process claim." *Id*. The Tenth Circuit found that it did not have jurisdiction to review the district court's determination that the defendants could be sued in their individual capacities under the FMLA. *Id*. at 1246. In reaching this conclusion, the Tenth Circuit explicitly rejected the defendants' "attempt to frame the district court's ruling as a rejection of their 'qualified immunity' under the FMLA." *Id*. at 1244. The defendants advanced precisely the same argument that Defendants present here, namely that "it was 'not clearly established statutory law that they could be sued under the FMLA as individuals,' and thus they are entitled to qualified immunity from that claim." *Id*.

The Tenth Circuit was "not persuaded [that] the defense asserted by [the defendants] to [the plaintiff's] FMLA claim can legitimately be characterized as a claim of qualified or 'good faith' immunity." *Id*. at 1245. This was because the defendants' defense "d[id] not hinge on their having acted in good faith in their dealings with [the plaintiff]." *Id*. The Tenth Circuit further found that the defendants "c[ould not] not claim[,] given the clear requirements of the FMLA, they were unaware that a particular course of conduct would be violative of the FMLA." *Id*. Thus, the Tenth Circuit found that the defendants "never asserted a true qualified immunity defense to the FMLA claims asserted against them, i.e., they have never asserted that they should be shielded from liability because they acted in good faith in interpreting and applying the FMLA to [the plaintiff's] situation." *Id*.

6

Even though the ultimate question in *Gray* was whether the Tenth Circuit could properly exercise jurisdiction over the defendants' interlocutory appeal, the Court finds instructive the Tenth Circuit's statements regarding qualified immunity to an FMLA claim.  Like the defendants in *Gray*, Defendants here argue that they are entitled to qualified immunity on Plaintiff's FMLA claim because "Defendants have been unable to locate any Supreme Court or Tenth Circuit cases indicating that Defendants have individual liability under the FMLA."  (Doc. # 73 at 38.)  In accordance with *Gray*, the Court finds that Defendants' argument that they do not have individual liability under the FMLA cannot "legitimately be characterized as a claim of qualified or 'good faith' immunity."  *Gray*, 339 F.3d at 1245.  In the words of the *Gray* court, Defendants have not asserted a "true qualified immunity defense" to Plaintiff's FMLA claim because they have not "asserted that they should be shielded from liability because they acted in good faith in interpreting and applying the FMLA to [Plaintiff's] situation."  *Id*.  Therefore, Defendants' summary judgment motion was properly denied to the extent that it argues that Defendants are entitled to qualified immunity on Plaintiff's FMLA claim.[1]

### 2.  Due Process Claim

With regard to Plaintiff's due process claim, Defendants assert that they are entitled to qualified immunity because Plaintiff "cannot prove she has a property right in her employment with the County and, therefore, she was not entitled to due process."  (Doc. # 73 at 36.)  In addition, Defendants assert that "it can hardly be argued that the law is clear such that every reasonable County Commissioner would understand that [Plaintiff] had a right to procedural due process before her position was eliminated."

---

[1] Because the issue has not been briefed by the parties, the Court will not address whether Defendants have individual liability under the FMLA.

(Doc. # 73 at 37.)  Defendants argue that Plaintiff's "status as an at-will employee deprives her of any property interest in her employment."  (Doc. # 73 at 37.)

In her response to Defendants' summary judgment motion, Plaintiff argues that Defendants' entitlement to qualified immunity on her due process claim is determined by whether she "had a clearly established constitutional *or statutory* right to reinstatement that Defendants violated."  (Doc. # 85 at 41 (emphasis in original).)  Plaintiff states that "the right to reinstatement is clear under the FMLA, as it is under the ADA."  (Doc. # 85 at 41.)  Plaintiff then concludes that, "[b]ecause she had a clear statutory right to reinstatement, Defendants are not entitled to a qualified immunity defense."  (Doc. # 85 at 41.)

The Court finds that Plaintiff's response is insufficient to satisfy her burden of demonstrating that the individual Defendants deprived her of a constitutional right and that such constitutional right was clearly established at the time of the alleged violation. *See Kaufman*, 697 F.3d at 1300.  Plaintiff fails to provide a single Supreme Court or Tenth Circuit decision to support the proposition that an employee's constitutional due process rights are violated when that employee is not reinstated in violation of the FMLA or the ADA.  Thus, the Court finds that, in response to Defendants' assertion of qualified immunity, Plaintiff has not shown that it was clearly established that her constitutional due process rights would be violated by Defendants alleged failure to reinstate her in violation of the FMLA.  Because Plaintiff has failed to carry her burden, individual Defendants are entitled to qualified immunity on Plaintiff's constitutional due process claim.  *See Medina*, 252 F.3d at 1128.

## III. <u>CONCLUSION</u>

For the foregoing reasons, it is hereby

ORDERED that Defendants' Motion for Reconsideration of the Court's Summary Judgment Order on Qualified Immunity (Doc. # 108) is GRANTED IN PART AND DENIED IN PART.  It is

FURTHER ORDERED that the Court modifies its order denying Defendants' summary judgment motion (Doc. # 107) and hereby grants summary judgment in favor of Defendants Schlegel, Rowland, and Ross on Plaintiff's due process claim (claim one).

DATED: April 19, 2016                           BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge